IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MONICA ACERRA et al.,

    Plaintiffs,

v.

CONSOLIDATED
CASE NO. 4:20cv186-RH-MJF

TRULIEVE CANNABIS CORP. et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

These are two consolidated proposed class actions for money damages under the Private Securities Litigation Reform Act. The plaintiffs are individuals who purchased Trulieve Cannabis Corp. securities. The defendants are Trulieve, its chief executive officer Kim Rivers, and its former chief financial officer Mohan Srinivasan.

The second amended complaint alleges the defendants made material misstatements or omissions about the quality of Trulieve's marijuana growing facilities and about related-party transactions. The second amended complaint further alleges that once these misstatements or omissions were revealed, Trulieve's stock price dropped. The defendants have moved to dismiss.

I

Trulieve is a vertically integrated medical-marjuana company. It grows, cultivates, processes, and distributes medical marijuana and marijuana products in Florida. Trulieve's common stock trades on the Canadian Securities Exchange and on an over-the-counter market known as the OTCQX.

A prior order dismissed the first amended complaint but granted leave to amend further. The order set out the governing standards. One ground for dismissal was the failure to allege a sale on a domestic exchange or within the United States. The second amended complaint cures that deficiency. Another ground for dismissal was failure to adequately allege a material misstatement or omission and scienter. For the most part, the second amended complaint is a reprisal of the first amended complaint's allegations, which remain deficient for the reasons set out in the prior order.

The second amended complaint adds only three new allegations of a material misstatement. Only one is sufficient, and for that one, the second amended complaint fails to adequately allege scienter. This order grants the motion to dismiss.

II

The second amended complaint's new allegations of misstatements are the following.

First, the second amended complaint alleges that Trulieve's website included this statement: "Trulieve products are hand-grown and specially cultivated in a state-approved, climate-controlled environment to ensure purity and safety. We leave nothing to chance while letting nature do her work." The second amended complaint alleges that, in fact, most of Trulieve's marijuana was grown in structures the plaintiffs perjoratively call "hoop houses"—structures that are not heated or air conditioned. The defendants note that the website did *not* say Trulieve's products were grown *only* in climate-controlled facilities, but that is the import of the statement. At least as most people would understand the term "climate controlled," an outdoor facility in Florida with no heat or air-conditioning does not measure up. One might well doubt that an investor would give much weight to this statement on the website, but at the pleading stage, at least, this is a sufficient allegation of a material misstatement.

Second, the second amended complaint alleges that a magazine article quoted the chief executive officer, Ms. Rivers, as saying, "To get the highest quality product in Florida's climate, . . . we wanted to control the environmental factors." This is not a material misstatement. Every farmer who ever tilled the soil wanted to control environmental factors to some extent. And a hoop house, even if as poor a substitute for a greenhouse as the plaintiffs allege, controls the environment to some extent.

Third, the second amended complaint alleges that Trulieve said in regulatory filings: "Trulieve is working to rapidly and substantially increase its greenhouse capacity." The plaintiffs say this was misleading because Trulieve was working only to increase its hoop-house capacity. But the challenged statement came later in a paragraph that first said Trulieve "grows in enclosed structures operating both indoor and greenhouse style grows." In context, a reasonable investor would understand the reference to "greenhouse capacity" to relate back to "greenhouse style." The second amended complaint, like the first, asserts it is misleading to refer to hoop houses as "greenhouse style," but as set out in the prior order, that is not so. The plaintiffs do not deny that Trulieve was working rapidly and substantially to increase its hoop-house capacity. The challenged statement was not materially misleading.

In sum, for the reasons set out in the prior order and this order, the only adequate allegation of a material misstatement is the website statement that Trulieve products were grown in a "state-approved, climate-controlled environment."

III

Under the Private Securities Litigation Reform Act, a complaint in a private securities-fraud class action seeking money damages—this includes the cases at bar—must adequately allege scienter. This means the complaint must, "with

respect to each act or omission" giving rise to a claim, "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). The required "strong inference" must be "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 325 (2007).

Here the required state of mind is "an intent to deceive, manipulate, or defraud, or severe recklessness." *Brophy v. Jiangbo Pharms., Inc.*, 781 F.3d 1296, 1302 (11th Cir. 2015) (internal citation and quotation marks omitted). The plaintiffs thus were required to plead "with particularity" facts giving rise to a "strong inference" that the defendants "either intended to defraud investors or were severely reckless when they made the allegedly materially false or incomplete statements." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008).

As set out above, the second amended complaint adequately alleges only a single material misstatement: the website's statement that Trulieve's marijuana was grown in a "climate-controlled environment." The second amended complaint does not allege with particularity—or even generally—facts suggesting the individual defendants had any role in drafting or approving the website's "climate-controlled" language or even knew about it. One might reasonably expect a website statement of this kind—barely more than puffery—to be drafted and

maintained at a lower level. Considering the aggregated facts in relation to each defendant and with respect to each violation, there is simply not enough to establish a strong inference of scienter.

Trulieve could of course be held liable based on acts or omissions not just of the named individual defendants but also based on acts or omissions of another officer or employee, so long as the officer or employee acted with the requisite state of mind. But here, as in *Mizzaro*, the plaintiffs have not alleged scienter of the corporate defendant based on the knowledge or intent of any other officer or employee. The second amended complaint does not allege the existence of any individual, whether known or unknown, who both drafted or approved the website's "climate-controlled" statement and acted recklessly or with intent to defraud. And it is by no means obvious—there is no "strong inference"—that any such person exists. The second amended complaint gives no reason to believe any single person must both have been aware of the website's precise language, on the one hand, and aware of precisely what kind of facilities were out in the field.

In sum, the second amended complaint does not adequately allege scienter for the only material misstatement it adequately alleges.

IV

Two facts that have not affected this decision perhaps bear noting. First, the second amended complaint does not allege the individual defendants sold any

stock while the price was allegedly inflated by the alleged misstatements at issue. Second, while the second amended complaint alleges the stock price decreased as a result of the alleged misstatements, the price has since increased substantially. The second amended complaint alleges no facts suggesting the individual defendants believed the stock was overvalued—or that it was.

V

The second amended complaint, like the first, fails to state a claim on which relief can be granted. The plaintiffs have been given two opportunities to amend and have not suggested they could allege anything more. They surely included in the second amended complaint all pertinent facts they could properly allege. In the absence of additional facts—the plaintiffs have suggested none—any further amendment would be futile. This order thus does not grant leave to amend yet again.

IT IS ORDERED:

1. The motion to dismiss, ECF No. 41, is granted.

2. The clerk must enter judgment in each of the consolidated cases and close the files.

SO ORDERED on December 30, 2021.

s/Robert L. Hinkle<br>United States District Judge